**Dated: October 02, 2008**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

Bluebonnet Feeds, L.P., a limited
    partnership,                               Case No. 08-81155
                                         (Involuntary Chapter 7)

    Alleged Debtor.

## ORDER FOR INTERIM RELIEF

This matter came on for evidentiary hearing before this Court on the 29th day of September, 2008, on the Motion for Relief Pursuant to Section 303(f) (Docket Entry 3) filed by the Petitioning Creditors, Debruce Grain, Inc., Frontier Trading, Inc., and Johnson Feeds, Inc.. Mark A. Craige appeared on behalf of the Petitioning Creditors. No one answered or appeared on behalf of the Alleged Debtor, Bluebonnet Feeds, L.P.. Based upon the sworn evidence presented and the record before the Court, the Court finds as follows in this core proceeding.

The Petitioning Creditors commenced this case by filing a Chapter 7 Involuntary

Petition on September 2, 2008 (Docket Entry 1). The Petitioning Creditors also filed their Motion for Relief, requesting that the Court enter an order pursuant to 11 U.S.C. § 303(f) prohibiting the Alleged Debtor from transferring, conveying, or encumbering any of its real or personal property having a value in excess of $ 1,000.00, until such time as this Court either enters or denies entry of an order for relief. Service of the Involuntary Petition, Motion for Relief Pursuant to Sec. 303(f), Application to Expedite Hearing on the Motion for Relief (Docket Entry 4), and Summons to Debtor was by private process server on Doyle P. Barker, Registered Service Agent for Bluebonnet Feeds, L.P., in Abilene, Texas, on September 17, 2008 (Docket Entry 10). Service of these documents was also made by certified mail and regular mail on September 11, 2008, to Doyle Barker at the Alleged Debtor's business address in Ardmore, Oklahoma, and to Mark A. Lakers in Omaha, Nebraska (Docket Entry 12). Service of this Court's Order and Notice of today's hearing on the Motion for Relief Pursuant to Sec. 303(f) (Docket Entry 11) was also made by private process server on Doyle Barker, on September 24, 2008, as well as by certified mail and regular mail on September 24, 2008 (Docket Entry 13). It appears that the Alleged Debtor has received proper notice of this hearing.

The Court admitted the exhibits of Petitioning Creditors and heard the testimony of Joshua House, Credit Analyst for DeBruce Grain. Mr. House testified that several unsuccessful attempts to obtain payment from Bluebonnet Feeds, L.P. had been made. Upon an informal investigation by DeBruce Grain, it was discovered that Bluebonnet Feeds had been purchased by another entity named Alderman-Cave. He believes that Alderman-Cave shares common ownership with Bluebonnet Feeds, L.P.

This Court is permitted to enter an order restricting an alleged debtor's operations

between the time from which the involuntary petition is filed and the court enters an order for relief, pursuant to 11 U.S.C. § 303(f). There being proper notice of the proceedings before this Court, there being no response from the Alleged Debtor, Bluebonnet Feeds, L.P., and there being evidence in support of this Motion, the Court finds that Bluebonnet Feeds, L.P. should be restricted from transferring any of its property greater than $1,000.00 until such time as this Court may enter relief in this case.

IT IS THEREFORE ORDERED that the Motion for Relief Pursuant to Section 303(f) is **granted**.

IT IS FURTHER ORDERED that the Alleged Debtor, Bluebonnet Feeds, L.P., is hereby prohibited from transferring, conveying, or encumbering any of its real or personal property having a value in excess of $ 1,000.00, pending an entry of an order for relief or further order of this Court.

The Court directs Movants to give notice of this Order to the Alleged Debtor.

###